**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**JOHN GURRISI and DELIA GURRISI**                                              **PLAINTIFFS**


**V.**                                              **CIVIL ACTION NO. 1:05CV690 LTS-RHW**


**STATE FARM FIRE & CASUALTY COMPANY
and KELLY CANNON**                                                              **DEFENDANTS**


**MEMORANDUM OPINION**

   The Court has before it Plaintiffs John and Delia Gurrisi's motion to remand.  For the reasons set out below, this motion will be granted.

   This is an action seeking compensation for property damage sustained by the plaintiffs during Hurricane Katrina.  Plaintiffs were insured under a homeowner's policy issued by Defendant State Farm Fire & Casualty Company (State Farm).  Plaintiffs did not have a flood insurance policy.

   The state court complaint and the plaintiffs' first amended complaint allege that on or about June 29, 2005, plaintiffs submitted an application for insurance coverage on their residence in Waveland, Mississippi, to Defendant State Farm through a local agent, Defendant Kelly Cannon (Cannon).  According to the complaint and the amended complaint, an employee of Cannon, whose identity is not known, took the plaintiffs' application.  Plaintiffs allege that during the process of submitting their application, "Plaintiffs were told by and/or led to believe by Cannon's employee that Cannon would be coming out to Plaintiffs' home to determine if Plaintiffs need flood insurance.  Cannon's employee further stated that if flood was necessary they Cannon's employee or Cannon] [sic] would advise the Plaintiffs" (Amended Complaint Paragraph I)
   Plaintiffs further allege that, "Plaintiffs were never contacted by either Cannon's employee or Cannon and advised that they needed flood insurance.  Plaintiffs were led to believe by Cannon employee [sic] actions and representations that they didn't need flood insurance; and that all they need [sic] was the Hurricane Policy.  Plaintiffs did not purchase flood insurance in reliance on Cannon's employee [sic] professional opinion and recommendations." (Amended Complaint Paragraph II)

A very liberal legal standard applies to this Court's determination whether the plaintiffs have stated a viable cause of action against a non-diverse party who has allegedly been fraudulently joined to defeat diversity jurisdiction.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences based upon those facts.  The complaint against the non-diverse defendant may be dismissed only if there is no reasonable basis for concluding that the plaintiffs may establish a right of recovery against the non-diverse defendant.  B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981);  *See Dodson v. Spiliada Maritime Corp.* 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).  Even under these liberal standards, this is a close call, but one that must go to the plaintiffs.

According to the allegations of the complaint and the amended complaint, the plaintiffs had no conversation with Cannon, and Cannon made no direct representation of any kind to them concerning their need for flood insurance coverage.  The complaint does not allege that Cannon undertook to advise them of the coverages they needed to purchase, and the complaint does not allege that Cannon actually gave them any advice upon which they  relied.  The complaint alleges only inaction on the part of Cannon.  Yet the complaint and the amended complaint do allege circumstances in which the plaintiffs may have been misled by Cannon's silence and in which Cannon's inaction may support a claim of negligence.

As I appreciate the allegations of the complaint, considered in the light most favorable to the plaintiffs and granting all reasonable inferences in their favor, there was a single conversation between plaintiffs and an employee of Cannon's agency.  This conversation took place when the plaintiffs applied for insurance coverage through Cannon's agency on or about July 29, 2005.  Plaintiffs left Cannon's office with the understanding that Cannon would come to their home at some unspecified time and "determine if Plaintiffs need flood insurance."  There was no further contact between Cannon or Cannon's employee and the plaintiffs.  Plaintiffs do not allege that they made any further effort to obtain Cannon's advice concerning the coverages they needed.  Plaintiffs concluded that they did not need flood insurance because Cannon did not call them to tell them that they needed this coverage.

If, as the plaintiffs allege, there was an understanding that Cannon would inspect the property and give them his advice concerning the necessity of flood coverage, and if Cannon was negligent in either failing to inspect the property or, having inspected the property, in failing to advise the plaintiffs that they needed to purchase a flood insurance policy when in fact the location of their property established such a need, then the plaintiffs may be able to establish a right of recovery against Cannon.  While I express no opinion on the merits of the plaintiffs' claim against Cannon, at this juncture I cannot say, as a matter of law, that the plaintiffs will be unable to establish a right of recovery against Cannon.  Accordingly, the motion to remand will be GRANTED.

Decided this 24th day of July, 2006.

                                              s/ L. T. Senter, Jr.

                                              L. T. Senter, Jr.
                                              Senior Judge